STATE of Minnesota, Respondent,

v.

William Earl GORHAM, Appellant.

No. 51454.

Supreme Court of Minnesota.

June 5, 1981.

C. Paul Jones, Public Defender, and Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., Duluth, J. Victor Lager, Asst. County Atty., Virginia, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn.Stat. § 609.245 (1978), and was sentenced by the trial court to a maximum 20-year prison term. On this appeal from judgment of conviction defendant contends (1) that the evidence of his guilt was insufficient, (2) that the trial court erred in failing to order a pretrial psychiatric examination of defendant to determine his competency for trial, and (3) that the trial court erred at trial in (a) denying a defense request to prohibit use of certain prior convictions for impeachment purposes, (b) failing to give a specific instruction on the defense of claim of right, and (c) refusing to submit theft as a necessarily included lesser offense justified by the evidence. We affirm.

■ 1. Defendant's first contention is that the evidence failed to establish that he knew he was not entitled to the items which he took from the victim. There is no merit to this contention. Although defendant did not testify, the theory of the defense was that he took the property as an agent of a friend who had a claim of right to the property and that he only intended to hold the property as collateral until the victim paid the friend money which he owed her. However, the victim testified otherwise, and the friend of defendant, who pled guilty to a reduced charge of simple robbery and testified for the state, gave testimony which—although supporting defendant's theory in some respects—corroborated much of the victim's testimony. Specifically, there was evidence that defendant displayed a knife in order to obtain possession of the property and that he immediately sold the property and kept the money, evidence which was inconsistent with defendant's theory. Accordingly, we hold that the evidence was sufficient that defendant

knew he was not entitled to the property. *State v. Kvale*, 302 N.W.2d 650 (Minn.1981).

2. Defendant's next contention is that the trial court erred in failing to order a pretrial psychiatric examination to determine defendant's competency for trial.

The United States Supreme Court has held that the trial of a person who is incompetent to assist in his defense is a violation of his due-process right to a fair trial. *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). This court, in *State v. Bauer*, 310 Minn. 103, 114, 245 N.W.2d 848, 854 (1976), stated in reversing a conviction that: " . . . throughout the course of criminal proceedings a trial judge must be vigilant in ensuring that the defendant is competent to stand trial and . . . when a sufficient doubt of the defendant's competence arises, he must observe procedures adequate to ensure the defendant's competency."

■ In reversing in *Bauer*, we noted that there was evidence before the trial court strongly suggesting that defendant was incompetent at the time of trial. In this case the evidence before the court at the pretrial hearing requested by defendant failed to establish that there was any serious doubt as to defendant's competency. However, even if it could be said that the trial court erred in failing to order a psychiatric examination at that time, we do not believe that error could be deemed prejudicial because immediately after trial, new evidence prompted the court to order such an examination and this examination established that defendant was competent at that time. If defendant was competent at the time of that examination, 3 days after trial, it is safe to assume, in view of everything else we know about defendant from the transcript of the pretrial hearing, that he also was competent at the time of trial.

3. Defendant's final contention is that the trial court erred in (a) denying a defense request to prohibit use of certain prior convictions for impeachment purposes, (b) failing to give a specific instruction on the defense of claim of right, and (c) refusing to submit theft as a necessarily included lesser offense justified by the evidence.

■ (a) There were three prior felony convictions: a 1975 felony conviction for possession of a controlled substance, a 1977 felony conviction for receiving stolen property, and a 1979 felony conviction for assault in the third degree. The trial court prohibited use of the drug conviction but not the other two. Employing the analysis recommended in *State v. Jones*, 271 N.W.2d 534, 538 (Minn.1978) (per curiam), we hold that the trial court did not err in its ruling. *See State v. Brouillette*, 286 N.W.2d 702, 707–08 (Minn.1979).

■ (b) Defendant's contention that he was entitled to a specific instruction on the defense of claim of right is one which we do not decide since defendant, by his counsel's failure to request specifically such an instruction or object to its absence, must be deemed to have forfeited his right to have us consider this issue on appeal. Failure to give such an instruction was not "plain error" because the trial court fully informed the jury of the elements of the offense, one of which is that the defendant took the property knowing that he was not entitled to it.

■ (c) Defendant's contention that the trial court erred in refusing to submit theft as a lesser-included offense is without merit. Defense counsel's theory was that the jury might find that defendant intended to take the items but that no force was used. However, defendant did not take the stand and testify that no force was used, and the other evidence—that of the victim and the codefendant who testified for the state— was that defendant displayed a knife at the time he demanded the property. We believe that the trial court could properly conclude that the evidence did not rationally support defendant's theory and that therefore submission of theft was not required. *State v. Malzac*, 309 Minn. 300, 244 N.W.2d 258 (1976); *State v. Leinweber*, 303 Minn. 414, 228 N.W.2d 120 (1975).

Affirmed.