STATE of Minnesota, Respondent,

v.

William Earl GORHAM, Appellant.

No. 82–415.

Supreme Court of Minnesota.

June 8, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., and Mark S. Rubin, Asst. County Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 28, was convicted in St. Louis County District Court in 1978 of the felony offense of receiving stolen property and in 1980 of the felony offense of aggravated robbery. The latter conviction was affirmed by this court in *State v. Gorham*, 306 N.W.2d 123 (Minn.1981). Petitioner is serving prison terms of 10 years and 20 years respectively for these two offenses. His target release date is March 1984, and the expiration dates for these sentences are April 1985 and March 1993 respectively.

Petitioner's criminal history score at the time of sentencing for the offense of receiving stolen property, a severity level IV offense, would have been two. The presumptive sentence for that offense by one with a criminal history score of two is a stayed term of 18 months in prison. Petitioner's criminal history score at the time of sentencing for the aggravated robbery, a severity level VII offense, would have been four. The presumptive sentence for that offense by one with a criminal history score of four is an executed prison term of 65 months. If petitioner were resentenced to the presumptive terms, he would be entitled to supervised release from prison in July 1983 with the sentence for aggravated robbery expiring in April 1985.

Given petitioner's record as a violent offender and his record of recidivism, we conclude that the postconviction court properly refused to find that petitioner's early release from his sentences would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn., 1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.