**STATE of Minnesota, Respondent,**

v.

**Bruce E. WILLIS, Appellant.**

**No. 82–280.**

Supreme Court of Minnesota.

June 8, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, Thomas A. Weist, Rick Osborne and William Neiman, Asst. County Attys., and Bev-

erly J. Wolfe, Staff Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 28, was convicted in Hennepin County District Court in 1975 of burglary and aggravated rape and was sentenced to a prison term of 3 to 20 years for the burglary and a consecutive term of 3 to 30 years for the aggravated rape. Those convictions were affirmed in *State v. Willis*, 269 N.W.2d 355 (Minn.1978). In 1976 petitioner was convicted of attempted escape and received a 2½-year prison term which has expired. Subsequently, in 1981 petitioner was convicted of being a felon in possession of a pistol, an offense he committed while on parole, and for this offense he received the 32-month presumptive guidelines sentence. That sentence is due to expire in July of 1983. The current expiration dates for petitioner's 1975 sentences for the 1975 convictions of burglary and aggravated rape are April 14, 1989, and September 28, 2000, respectively. Petitioner's target release date is September 28, 2000.

Petitioner's criminal history score at the time of sentencing for the burglary and the aggravated rape would have been three. Aggravated rape, which is now labeled criminal sexual conduct in the first degree, is a severity level VIII offense. The presumptive sentence for such an offense by one with a criminal history score of three is 65 months in prison. If petitioner were resentenced to the presumptive term, he would be entitled to immediate release from sentence. If he were resentenced to a term of 130 months, or double the presumptive term, he would be entitled to supervised release in January of 1983 and his sentence would carry an expiration date of September 1986.

Given the violent nature of petitioner's conduct which led to his 1975 convictions and given his record of recidivism, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn., 1982).

Affirmed.