**Richard W. BRUESTLE, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–379.

Supreme Court of Minnesota.

June 28, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for petitioner, appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 37, was convicted in Ramsey County District Court in 1966 for his act of sexual intercourse with an 11-year-old girl. The trial court sentenced petitioner to 30 years in prison.

Petitioner was paroled in 1972, but parole was revoked after petitioner was convicted

of two counts of indecent liberties, one involving a 9-year-old girl and one involving a 14-year-old girl. Petitioner's sentences for those two offenses have expired.

Petitioner was subsequently paroled to the State Hospital at St. Peter. After committing a technical violation in April 1979, he was transferred back to prison. Subsequently, he was granted a work release to the state hospital but again committed a technical violation and was returned to prison.

The target release date and the sentence expiration date are the same, April 12, 1986.

Petitioner's criminal history score at the time of sentencing for the offense in question apparently would have been three. The offense in question is a severity level VIII offense. The presumptive sentence for such an offense by one with a criminal history score of three is an executed prison term of 76 months. If petitioner were resentenced to the presumptive term, he would be entitled to immediate release from prison and immediate discharge from the sentence.

Given the serious nature of the offense in question and petitioner's record of recidivism, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.