**Michael Scot BURNS, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–382.**

Supreme Court of Minnesota.

June 28, 1982.

C. Paul Jones, Public Defender, Minneapolis, Carolyn F. Tucker, Asst. Public Defender, for petitioner, appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1977 petitioner, then age 16, and a girlfriend murdered the girlfriend's aunt. Charged with first-degree murder, petitioner was permitted to plead guilty to second-degree murder and his sentence was limited to 30 (instead of 40) years in prison. His target release date is February 6, 1986, and his sentence is due to expire on January 17, 1998.

Petitioner's criminal history score at the time of sentencing would have been zero. Murder in the second degree is a severity level X offense. The presumptive term for this offense by one with petitioner's criminal history score is 116 months in prison. If petitioner were resentenced to the presumptive sentence, his target release date would be April 16, 1984, and his sentence would expire on May 19, 1987.

■ As we stated in *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Given the violent nature of the offense in question, we cannot conclude that the postconviction court improperly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.