Daniel Joseph HITTLE, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–623.

Supreme Court of Minnesota.

June 28, 1982.

Barry V. Voss, Minneapolis, for petitioner, appellant.

Warren Spannaus, Atty. Gen., St. Paul, Michael T. Milligan, County Atty., Walker, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 32, was indicted in Cass County in 1973 on two counts of murder in the first degree after he killed his parents. Pursuant to a plea bargain, petitioner pleaded guilty to two counts of murder in the second degree and was sentenced to concurrent limited terms of 30 (instead of 40) years in prison. In *State v. Hittle,* 285 N.W.2d 475 (Minn.1979), we affirmed an order of the district court denying an earlier petition for postconviction relief.

Petitioner's target release date is June 1985, when he will have served 146 months in prison.

Petitioner's criminal history score at the time of sentencing for the offenses would have been zero. Second-degree murder is a severity level X offense. The presumptive sentence for this offense by one with a criminal history score of zero is 116 months in prison. However, if the Guidelines had been in effect, the trial court, without departing, could have sentenced petitioner consecutively under II.F.2 of the Guidelines.

As a prerequisite to resentencing, petitioner had to prove that his early release from the sentences would not present a danger to the public and would not be incompatible with the welfare of society. Given the violent nature of the offenses for which he was sentenced and given petitioner's failure in prison to deal with his alcohol and drug dependency, we conclude that the postconviction court properly refused to find that petitioner's early release from the sentences would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion,* 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.