**STATE of Minnesota, Respondent,**

v.

**Richard Keith KING, petitioner, Appellant.**

No. 82–414.

Supreme Court of Minnesota.

July 16, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., and Mark S. Rubin, Asst. County Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Richard K. King from an order of the St. Louis County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is 27, seeks resentencing in connection with 1978 convictions of burglary and theft, for which he received stayed concurrent 5-year prison terms. Those terms were executed in 1981 after petitioner was convicted of two more burglaries. Petitioner apparently was released from prison in May of this year. His 1981 sentences are due to expire in January of 1983, and his 1978 sentences are due to expire in March of 1984.

Petitioner's criminal history score at the time of sentencing in 1978 would have been zero. The theft offense is a severity level III offense, and the burglary offense a severity level IV offense. The presumptive sentence for these offenses by one with a criminal history score of zero is 1 year and 1 day stayed. The effect of resentencing petitioner according to the Sentencing Guidelines would be to shorten by approximately 14 months the amount of time petitioner must spend on supervised release.

Given petitioner's record of recidivism and his history of chemical dependency, we cannot conclude that the district court erred in refusing to resentence petitioner according to the Sentencing Guidelines. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.