Hans R. PETERSON, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–190.

Supreme Court of Minnesota.

July 23, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, John F. Corbey, County Atty., and David J. Twa, Asst. County Atty., Mankato, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 39, was convicted in Blue Earth County District Court in 1965 of rape, Minn.Stat. § 617.01 (1965) (since repealed), and was sentenced to a prison term of 30 years. He was released on parole in December of 1970.

In 1977 petitioner was convicted of criminal sexual conduct in the first degree, Minn. Stat. § 609.342(c) (1976), and was sentenced to a prison term of 3 to 20 years. An earlier denial of postconviction relief in connection with that conviction was affirmed in *Peterson v. State*, 282 N.W.2d 878 (Minn. 1979).

Petitioner was scheduled to be released from prison on October 23, 1981, but apparently refused to cooperate in a transitional sex offender treatment program and therefore is still incarcerated. His 1965 sentence is due to expire in October of 1984 and his 1977 sentence is due to expire in March of 1990.

If the Sentencing Guidelines had been in effect, petitioner would have had a criminal history score of zero at the time of sentencing in 1965 and two at the time of sentencing in 1977. Petitioner's two convictions are both for severity level VIII offenses. The presumptive sentence for this offense by one with a criminal history score of zero is 43 months in prison and by one with a criminal history score of two is 65 months in prison.

Given the violent nature of the conduct underlying petitioner's 1965 and 1977 convictions, his record of recidivism, and his failure in treatment, we conclude that the postconviction court properly refused to find that petitioner's early release from sentences would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the commissioner of corrections.[1]

Affirmed.

---

1. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.