Louis William EVANS, Jr.,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–290.

Supreme Court of Minnesota.

July 27, 1982.

Chestnut & Brooks and Kevin S. Burke, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert Carolan, County Atty., and Mark Nathan Lystig, Asst. County Atty., Hastings, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Louis William Evans, Jr., from an order of the Dakota County District Court denying his petition for post-conviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1961 petitioner was convicted of second-degree murder and was sentenced to a prison term of 15–40 years. He was paroled in 1969, but parole was revoked in 1973 following his conviction of criminal negligence (causing death of another person by grossly negligent operation of a motor vehicle). For the latter offense petitioner received a 5-year prison term, which has since expired. Petitioner was again released on parole in 1974, but parole was revoked in 1977 following his conviction of criminal sexual conduct in the first degree (the prison sentence for the latter offense has since expired). In 1980 petitioner was released from prison so that he could participate in a residential chemical dependency treatment program. Less than 3 months later he was returned to prison after failing to comply with the requirements of the program. Petitioner, who is now 45, seeks resentencing in connection with the 1961 conviction of second-degree murder. Petitioner's expected release date apparently is

March of 1988, when that sentence will expire.

Murder in the second degree is a severity level X offense. If the Sentencing Guidelines had been in effect, petitioner's criminal history score at the time of sentencing in 1961 would have been zero. The presumptive sentence for second-degree murder by one with a criminal history score of zero is 116 months in prison.

The postconviction court refused to resentence petitioner according to the Sentencing Guidelines because it was unable to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

As stated in *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), "[W]e generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." In this case petitioner is serving a sentence for a violent offense and has a record of recidivism and of failure in treatment. Petitioner also failed to present any significant evidence indicating that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.[1]

Affirmed.

---

[1]. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.