**Leslie MEANEY, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–565.

Supreme Court of Minnesota.

July 27, 1982.

C. Paul Jones, Public Defender, and Ronald E. Hunter, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and William A. Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In April of 1978, 3 months after being paroled from prison in connection with his conviction of third-degree murder, petitioner became involved in a fight at a bar and stabbed another person a number of times in the abdomen. Convicted of aggravated assault, petitioner was sentenced to a term of 0 to 10 years, to be served consecutively to the prior 25-year prison term for murder, for which parole was revoked. Petitioner's current release date is January 6, 1984, and the sentence expiration dates are April 30, 1989, and November 20, 1995.

Petitioner's criminal history score at the time of sentencing would have been three. The assault offense is a severity level VIII offense. The presumptive term for this offense by one with petitioner's criminal history score is 76 months in prison.

As we stated in *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), "[W]e generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in

---

1. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.

cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Given the violent nature of the offense in question and petitioner's record of recidivism, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

Petitioner, who is 27 years old, remains subject to the jurisdiction of the commissioner of corrections.[1]

Affirmed.

---

1. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.