Herman LAUBE, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–384.

Supreme Court of Minnesota.

Aug. 4, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Herman George Laube, age 61, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner is serving three concurrent 20-year prison sentences for his 1974 sodomy convictions, based on acts of sodomy with three different boys, ages 13 and 14. Petitioner's sentences are due to expire in November of 1987 and it appears that petitioner will not be released from prison before then.

If the Sentencing Guidelines had been in effect at the time of sentencing, petitioner's criminal history score would have been two (one custody status point and one felony point, the latter based on petitioner's conviction of third-degree murder which resulted after petitioner killed a young girl who resisted his sexual advances). Sodomy with children was formerly covered by Minn. Stat. § 609.293, subd. 4 (1974) (since repealed). That offense translates into criminal sexual conduct in the first degree, a severity level VIII offense. Assuming consecutive sentencing, which would have been proper without departing, the presumptive sentence would have been 151 months (65 months plus 43 months plus 43 months). If petitioner were resentenced to a term of 151 months, his supervised release date would be August of this year and his sentence would expire in October of 1988.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." In this case petitioner has a record as a violent

offender and a record of recidivism. There is also other evidence that petitioner is still potentially dangerous. Petitioner had the burden of overcoming these factors and establishing that his early release from sentences would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet that burden, and we agree.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.

Affirmed.