**Jeffrey A. OLIVER, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–568.

Supreme Court of Minnesota.

Aug. 5, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and William Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Jeffrey Adelbert Oliver, age 32, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing in connection with his 1980 conviction of aggravated robbery. We affirm.

In 1976 petitioner was convicted of aggravated robbery and was placed on probation. In 1980 he pleaded guilty to a charge of aggravated robbery in connection with the robbery of the Lincoln Del in St. Louis Park. In return for his plea, the state agreed to the dismissal of a charge in connection with the robbery of a grocery store and agreed not to charge him for the robbery of another grocery store.

Petitioner received a prison term of 3 to 20 years for the 1980 robbery conviction. He is also serving a concurrent 20-year prison term for the 1976 robbery conviction. The latter sentence is apparently the subject of a separate postconviction proceeding.

If the Sentencing Guidelines had been in effect, petitioner's criminal history score at the time of sentencing for the 1980 offense would have been two (one custody status point, one felony point). Aggravated robbery is a severity level VII offense. Normally the presumptive sentence for this offense by a person with a criminal history score of two is 41 months in prison. This was petitioner's second conviction involving use of a dangerous weapon, however; therefore, under Minn.Stat. § 609.11 (1980), a minimum term of 3 years was required. This translates into a presumptive sentence of 54 months in prison.

Petitioner's sentence is due to expire in 1993, and his current expected release date from prison is May of 1983. If petitioner were resentenced to the presumptive sentence of 54 months in prison, he would be entitled to supervised release from prison in January of 1983 at the earliest and his sentence would expire in July of 1984.

In *State v. Champion*, 319 N.W.2d 21 (Minn.1982), and in numerous other cases, we have made it clear that we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a history of recidivism. In this case petitioner is serving a sentence for a violent offense and has a record of recidivism. Petitioner was unable to overcome these factors and establish that his early release from the 1980 sentence would not present a danger to the public safety and would not be incompatible with the welfare of society. Accordingly, the district court properly denied his petition for resentencing.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.

Affirmed.