**STATE of Minnesota, Respondent,**

v.

**Edward Odell CHAMPION,
petitioner, Appellant.**

**No. 82–136.**

Supreme Court of Minnesota.

May 11, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Thomas A. Weist and Rick Osborne, Asst. County Attys., and Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Edward Odell Champion, age 23, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines. His petition was filed pursuant to the amendment to the Postconviction Remedy Act providing that persons convicted of and sentenced for crimes committed before May 1, 1980, may be resentenced according to the Sentencing Guidelines if they can establish that their early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. Minn.Stat. § 590.01 (1980), *amended by* Act of June 1, 1981, ch. 366, § 1, 1981 Minn. Laws 2355, 2356. The district court ruled that petitioner failed to establish that his early release would not present a danger to the public and would not be incompatible with the welfare of society. We affirm.

On June 25, 1979, while free on bail on another felony charge, petitioner participated with five others in the armed robbery of a jewelry store in Minneapolis. One of the accomplices severely beat the owner of the store with a gun when the owner resisted. When police interrupted the robbery, this accomplice pointed the gun at a police officer, who used petitioner as a shield. Thereafter, petitioner was found guilty of aiding and abetting in the commission of the robbery and the assaults of the owner and the police officer. The trial court sentenced petitioner to a maximum of 20 years in prison for the aggravated robbery and 5 years for the assault of the officer, and vacated the other assault conviction pursuant to Minn.Stat. § 609.04 (1980).

Petitioner was placed in a work-release halfway house in Minneapolis on October 8, 1981. On November 24 and 25 he obtained passes to leave the premises to look for a job and then turned in false "verification logs." On November 25 an inventory of his personal property resulted in the discovery of a pipe containing residue of hashish and marijuana. Following a probable cause hearing, petitioner was returned to prison to serve "accountability time" for his parole violations.

The current expiration date for the robbery conviction is November 1, 1992. As of the date petitioner's brief was filed he had not yet been released on parole again but

he expected to be released shortly, since "accountability time" for parole violations of the sort petitioner committed is usually about 3 months. However, if petitioner were resentenced to the presumptive sentence established by the Sentencing Guidelines, he would be entitled not to release just from prison but to release from the jurisdiction of the Minnesota Corrections Board or its successor. Petitioner had a criminal history score of zero at the time of the robbery. The presumptive sentence for aggravated robbery, which is the more severe of the two offenses (VII), is an executed term of 24 months in prison. Petitioner has already served more than 24 months on his sentence.

The district court did not reach the issue of whether the presumptive sentence would have been appropriate because it was unable to find that petitioner's early release[1] would not present a danger to the public and would not be incompatible with the welfare of society.

We have held that the petitioner seeking resentencing has the burden of proof, *Smith v. State*, 317 N.W.2d 366 (Minn.1982), and that "the petitioner's past and present conduct are relevant factors in a prognostication of future conduct," *Stahlberg v. State*, 319 N.W.2d 12 (Minn.1982). Our opinions in a number of cases make it clear that we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release. *See, e.g., Phelps v. State*, 319 N.W.2d 16 (Minn.1982); *State v. Kempson*, 319 N.W.2d 20 (Minn.1982); *Smith v. State*, 317 N.W.2d 366 (Minn.1982); *Stevenson v. Young*, 314 N.W.2d 821 (Minn.1982).

Both the seriousness of the conduct which led to the conviction and petitioner's failure on parole are factors which must be

weighed against petitioner in assessing whether petitioner's early release under the sentence would not present a danger to the public and would not be incompatible with the welfare of society. Since petitioner had the burden of proof on this issue, he had to overcome these factors and convince the court that his early release would not present a danger to the public and would not be incompatible with the welfare of society. This he failed to do.

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.

1. The word "release" here does not refer to release from prison but to release under the sentence. Thus, parolees are entitled to the

benefit of the amendment. *State v. Block*, 316 N.W.2d 922 (Minn.1982).