STATE of Minnesota, Respondent,

v.

Edward William LARSEN, Appellant.

No. 82–416.

Supreme Court of Minnesota.

June 10, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., and Mark S. Rubin, Asst. Co. Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing under the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 24, was convicted in St. Louis County District Court in 1978 of aggravated robbery, Minn.Stat. §§ 609.-245 and 609.11 (1978), and was sentenced to a term of 1 year and 1 day to 10 years in prison. He was paroled in January of 1980, but his parole was revoked after he was convicted of a number of crimes in December of 1980. For those offenses he was sentenced according to the Sentencing Guidelines. He received concurrent sentences of 16 months each for three counts of theft, concurrent sentences of 18 months each for two counts of burglary, and a consecutive term of 1 year and 1 day for attempted escape.

Petitioner's target release date is June 22 of this year. The expiration date of the Guidelines sentences is March 7, 1983. The current expiration date of the aggravated robbery sentence is April 11, 1985.

Petitioner's criminal history score at the time of sentencing for the aggravated robbery would have been zero. Aggravated robbery is a severity level VII offense. The presumptive sentence for such an offense by one with a criminal history score of zero is 24 months in prison. Resentencing according to the Sentencing Guidelines apparently would not accelerate petitioner's target release date but would accelerate the expiration date for the robbery sentence.

As we stated in *State v. Champion*, 319 N.W.2d 21 (Minn.1982), "[W]e generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Given the fact that aggravated robbery is a violent offense, the fact that petitioner failed on parole in 1980, and the fact that petitioner has a history of chemical dependency, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.