James William CUMMINGS, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–331.

Supreme Court of Minnesota.

June 28, 1982.

C. Paul Jones, Public Defender, and Carolyn F. Tucker, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

 

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 23, was convicted in Ramsey County District Court in 1979 of two aggravated robberies and was sentenced to concurrent 20-year prison terms. Petitioner's target release date is September 24, 1983, and his sentences will expire on June 17, 1992.

If the sentencing guidelines had been in effect at the time of sentencing and if petitioner had been sentenced separately, the criminal history score for the first of the two robbery convictions would have been two and the score for the second of the two convictions would have been three. Aggravated robbery is a severity level VII offense. The presumptive sentence for this offense by one with a criminal history score of two is 41 months in prison, and the presumptive sentence for this offense by one with a criminal history score of three is 49 months in prison. Using consecutive sentencing, the sentencing court could have sentenced petitioner to 73 months (49 months plus 24 months) without departing.

Given the violent nature of the offenses and petitioner's record of recidivism, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn. 1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.