Ronald PALM, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82-430.

Supreme Court of Minnesota.

June 28, 1982.

Chestnut & Brooks and Kevin S. Burke, Minneapolis, for petitioner, appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Audrey Kaiser Manka, Sp. Asst. Attys. Gen., St. Paul, Bruce F. Gross, County Atty., Windom, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 33, was convicted in Cottonwood County District Court in 1979 of criminal sexual conduct in the second degree and burglary, Minn.Stat. §§ 609.343(d) and 609.58, subd. 2(1)(b) (1980), for unlawfully entering a house and using a knife to force a young girl to submit to sexual contact. The trial court sentenced petitioner to concurrent terms of 15 years in prison for the sexual misconduct and 5 years for the burglary, with the sentences to run consecutively to prior sentences. Petitioner, who seeks to be resentenced to the Sentencing Guidelines presumptive sentence for the 1979 convictions, apparently has not yet begun to serve those sentences, since he is still serving time on the prior sentence or sentences.

Petitioner's criminal history score at the time of sentencing for the offenses in question apparently would have been four, based on one custody status point and three prior felony convictions. The offenses in question are severity level VII offenses. The presumptive sentence for a severity level VII offense by one with a criminal history score of four is an executed term of 65 months in prison.

Petitioner is a violent offender with a record of recidivism. Petitioner failed to meet his burden of proving that his early release from his sentences would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.