STATE of Minnesota, Respondent,

v.

Francis J. CAIN, Appellant.

No. 82–175.

Supreme Court of Minnesota.

July 14, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Francis J. Cain from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is 32, seeks resentencing in connection with two 1979 convictions of burglary, for which he received concurrent 5-year prison terms. It is not clear from the file what petitioner's current target release date is. At the time of the postconviction hearing the district court was informed that petitioner's expected release date was February 26, 1983, and his sentence expiration date was August 26, 1983.

Petitioner's criminal history score at the time of sentencing in 1979 would have been three. The burglary offenses are severity level IV offenses. The presumptive sentence for a severity level IV offense by one with a criminal history score of three is 21 months stayed. If petitioner were resentenced to concurrent 21-month stayed terms, he would be entitled to immediate release from prison.

Given petitioner's record of recidivism and his chemical dependency problem, we conclude that the district court properly refused to resentence petitioner according to the Sentencing Guidelines. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.

Gordon R. JONES, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–443.

Supreme Court of Minnesota.

July 16, 1982.

of criminal sexual conduct in the first degree. The trial court stayed imposition of sentence for 10 years and placed petitioner on probation, conditioned on petitioner's serving time in the workhouse and participating in the Alpha House treatment program for sexual offenders. Petitioner absconded twice from the treatment program and once while on work release from jail. The trial court then revoked the stay of imposition and sentenced petitioner to 5 years in prison.

Petitioner's target release date is August 19, 1983, and his sentence expiration date is December 19, 1983.

Petitioner would have had a criminal history score of zero at the time of sentencing. Criminal sexual conduct in the first degree is a severity level VIII offense. The presumptive sentence for this offense by one with a criminal history score of zero is 43 months in prison. If petitioner were resentenced to the presumptive sentence, he would be entitled to be released from prison on September 5, 1982, and to be discharged from sentence on November 15, 1983.

Given the nature of the conduct which led to petitioner's 1978 conviction, his failure in treatment, and his chemical dependency, we conclude that the postconviction court properly refused to resentence petitioner according to the Sentencing Guidelines. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.

C. Paul Jones, Public Defender, and Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and William Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 23, was convicted in Hennepin County District Court in 1978