**Elmer Lee RUPERT, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–217.**

Supreme Court of Minnesota.

July 16, 1982.

C. Paul Jones, Public Defender, and Larry Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., and Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, John P. Dimich, County Atty., Grand Rapids, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Elmer Lee Rupert from an order of the Itasca County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is 20, seeks resentencing in connection with 1980 convictions of burglary and unauthorized use of a motor vehicle, for which he received consecutive 5-year and 3-year prison terms. Those terms were also consecutive to a previously imposed 5-year prison term. Petitioner's expected release date is December 17, 1983, and his sentence expiration dates are October 3, 1986, and October 4, 1988.

Petitioner's criminal history score at the time of sentencing in 1980 would have been four. The burglary offense, which is the more serious of the two, is a severity level IV offense. The presumptive sentence for this offense by one with a criminal history score of four is 25 months in prison. If petitioner were resentenced to the presumptive sentence, he apparently would be entitled to immediate release from prison.

Given petitioner's record of recidivism and his chemical dependency, we believe that the district court was justified in concluding that petitioner is likely to engage in criminal conduct after his release from prison. In any event, the state did not have to prove such a likelihood. Rather, petitioner had the burden of proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society, and he failed to meet that burden. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.