**Jack Leonard VANN, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–445.**

Supreme Court of Minnesota.

July 23, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and William A. Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Jack Leonard Vann from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On November 2, 1978, petitioner, who is now 23, was convicted of aggravated robbery and aggravated assault, both convictions arising out of an attack on and robbery of a woman on April 9, 1978. On November 13, 1978, petitioner was convicted of criminal sexual conduct in the first degree on the basis of his sexual attack on a 14-year-old girl on September 10, 1978. On November 30, 1978, the trial court sentenced petitioner to concurrent 20-year prison terms for the aggravated robbery and the criminal sexual conduct in the first degree, with the sentences to run consecutively to a previously imposed but unexecuted 3-year prison term for his conviction in 1976 of theft from the person. That 3-year prison term expired in April of 1980. Petitioner's target release date is October 9, 1985, and his concurrent sentences are due to expire on October 3, 1993.

If the Sentencing Guidelines had been in effect at the time of sentencing in 1978,

petitioner's criminal history score would have been three. Criminal sexual conduct in the first degree is a severity level VIII offense, and aggravated robbery is a severity level VII offense. The presumptive sentence for a severity level VIII offense by one with a criminal history score of three is 76 months in prison, and the presumptive sentence for a severity level VII offense by such a person is 49 months in prison. If the Sentencing Guidelines had been in effect in 1978, the trial court, without departing, could have sentenced petitioner to 100 months in prison (76 months plus 24 months) for the current offenses with the 100-month term running consecutively to the previously imposed but unexecuted term. Minnesota Sentencing Guidelines and Commentary, II.F. (1981).

As we stated in *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), "[We] generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." In this case petitioner is serving concurrent sentences for two violent offenses committed on separate dates against different victims, neither of whom knew him. Petitioner had the burden of proving that his early release from the sentences would not present a danger to the public and would not be incompatible with the welfare of society, and he failed to meet that burden.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.[1]

Affirmed.

---

1. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.