**Francis Clinton BEAUPRE, petitioner,
Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–710.

Supreme Court of Minnesota.

July 26, 1982.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Vernon E. Bergstrom, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 25, was convicted in 1977 in Hennepin County District Court of murder in the third degree and was sentenced to a prison term of 1 to 25 years. In this proceeding he seeks resentencing to a term of 97 months, which is the presumptive sentence for third-degree murder (severity level IX) by one with his criminal history score at the time of sentencing (zero). Petitioner's 1977 sentence is due to expire in July of 1994, and his original target release date was December 21, 1982. If petitioner were resentenced according to the presumptive sentence, his sentence would expire in April of 1985 and his supervised release date would be April 1983. While it thus appears that the effect of resentencing might be to prolong petitioner's incarceration by a few months, it is possible that the Minnesota Corrections Board or its successor either has modified or will modify petitioner's original target release date. We do not know the answer to this question because petitioner did not

grant the district court access to the information in his prison base file.

Persons convicted of and sentenced for crimes committed before May 1, 1980, may be resentenced according to the Sentencing Guidelines if they can establish that their early release *from sentence* would not present a danger to the public and would not be incompatible with the welfare of society. Minn.Stat. § 590.01, subd. 3 (Supp.1981). In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "[W]e generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Given the violent nature of the conduct that led to petitioner's conviction and petitioner's failure to produce any evidence, we conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.[1]

Affirmed.

---

1. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.