**STATE of Minnesota, Respondent,**

v.

**Stephen M. HOPKINS, Appellant.**

No. 82–388.

Supreme Court of Minnesota.

July 27, 1982.

---

C. Paul Jones, Public Defender, and Ronald E. Hunter, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Roger Van Heel, County Atty., St. Cloud, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Stephen Mitchell Hopkins, age 28, from an order of the Stearns County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On August 20, 1979, petitioner, after having an argument with his wife, went on a drinking spree. While in one bar petitioner met a woman he had known for a number of years. The following morning petitioner assaulted her in her residence and forced her to submit to sexual intercourse.

On August 2, 1980, while in an intoxicated state, petitioner went to an apartment in Morrison County and forced a 17-year-old girl to submit to sexual intercourse.

In September of 1980 petitioner pleaded guilty to criminal sexual conduct in the third degree in connection with the 1979 incident and to criminal sexual conduct in the fourth degree in connection with the 1980 incident.

Petitioner was then sent to the security hospital at St. Peter for evaluation. Petitioner failed to cooperate in that evaluation and therefore was not considered to be an appropriate candidate for participation in the treatment program.

On February 6, 1981, the district court sentenced petitioner to 5 years in connection with the 1979 offense and to the presumptive Sentencing Guidelines term of 28 months in connection with the 1980 offense.

Petitioner's target release date in connection with his 5-year prison term is February 3, 1984, the same date that the sentence will expire.

Criminal sexual conduct in the third degree is a severity level VII offense. If the Sentencing Guidelines had been in effect at the time of the offense in 1979, petitioner's criminal history score at the time of sentencing would have been one, based on a number of prior misdemeanor convictions. The presumptive sentence for criminal sexual conduct in the third degree by a person with a criminal history score of one is 32 months in prison. If petitioner were resentenced to the presumptive term, he would be entitled to be released from prison in July of this year and his sentence would expire in April 1983.

As we stated in *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), "[W]e generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Given the violent nature of the offense in question, petitioner's subsequent criminal misconduct, his apparent refusal to participate in a sexual offender treatment program, and his history of chemical dependency, we believe that the district court was justified in refusing to resentence petitioner according to the Sentencing Guidelines.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.[1]

Affirmed.

1. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.