**Modesto E. GARCIA, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–567.**

Supreme Court of Minnesota.

Aug. 4, 1982.

C. Paul Jones, Public Defender, and Ronald E. Hunter, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Vernon E. Bergstrom, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Modesto Estevan Garcia, age 22, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner is serving concurrent prison terms of 1 year and 1 day to 20 years for his January 1980 convictions of criminal sexual conduct in the first degree and burglary of a dwelling while armed with a dangerous weapon, Minn.Stat. §§ 609.342(d) and 609.-58, subd. 2(1)(b) (1980). Petitioner's sentences are due to expire in January of 1993 and his current expected release date is June of 1983.

Petitioner's criminal history score at the time of sentencing would have been one if the Sentencing Guidelines had been in effect. According to the Guidelines, criminal sexual conduct in the first degree, which is a severity level VIII offense, is a more severe offense than the burglary offense, which is a severity level VII offense. The presumptive sentence for criminal sexual conduct in the first degree by a person with a criminal history score of one is 54 months in prison. If petitioner were resentenced to the presumptive term he would be eligible for release from prison in November of 1982

and his sentence would expire in April of 1984.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." In this case petitioner is serving a sentence for a violent offense committed while he was awaiting sentencing for a previous offense which had a high potential for violence. Petitioner had the burden of overcoming these factors and proving that his early release from sentences would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.

Affirmed.