Steven R. LINDSTROM, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–323.

Supreme Court of Minnesota.

Aug. 5, 1982.

C. Paul Jones, Public Defender, and Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Norman B. Coleman, Jr., and Jerry S. Anderson, Sp. Asst. Attys. Gen., St. Paul, Timothy K. Connell, County Atty., Luverne, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 22, was convicted in Rock County District Court in 1979 of burglary, Minn.Stat. § 609.58, subd. 2(3) (1978), and received a stay of imposition of sentence. In 1980, after petitioner was convicted in Hennepin County of aggravated robbery,[1] the stay of imposition was revoked and petitioner was sentenced to 5 years in prison for the burglary.

Petitioner's 1979 sentence will expire on December 31, 1983. Petitioner was released from prison in March of this year. His criminal history score at the time of sentencing in 1979 would have been zero. The burglary was a severity level IV offense. The presumptive sentence for this offense by a person with a criminal history score of zero is 1 year and 1 day stayed. If petitioner were resentenced to a term of 1 year and 1 day, he would be entitled to immediate discharge from the 1979 sentence but would remain on supervised release in connection with the Hennepin County sentence until December 4, 1982.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "[W]e generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Here the record indicates that in 1980, while on parole from the sentence for the burglary conviction, petitioner participated in an aggravated robbery and was subsequently convicted of that offense. Thus, petitioner has a history of recidivism and a record as a violent offender. Since petitioner had the burden of proof, he had to overcome these factors and convince the court that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. This he failed to do.

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.

---

1. The presumptive sentence for the aggravated robbery was 41 months in prison, but the sentencing court ruled that there were mitigating circumstances and sentenced petitioner to a prison term of only 30 months.