**David M. BERGQUIST, petitioner,**
**Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–575.**

Supreme Court of Minnesota.

Aug. 17, 1982.

C. Paul Jones, Public Defender, and Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., and Stephen L. Muehlberg, Asst. County Atty., Anoka, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 21, was convicted in Anoka County District Court in 1980 of simple robbery and was sentenced to a prison term of 10 years, with the term running concurrently with two previously imposed consecutive 10-year sentences imposed for two robbery convictions in Hennepin County.

Petitioner's current release date is March of 1983, and his Anoka County sentence is scheduled to expire in January of 1987.

If the Sentencing Guidelines had been in effect, petitioner's criminal history score at the time of sentencing in Anoka County would have been four (based on one juvenile point, one custody status point, and two felony points). Simple robbery is a severity level V offense. The presumptive sentence for this offense by a person with a criminal history score of four at the time of sentencing is 38 months in prison. If petitioner were resentenced to the presumptive sentence, he would be entitled to immediate supervised release from prison and his sentence would expire in July of 1983.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." The Anoka County conviction and the two prior Hennepin County convictions were based on robberies occurring within a short time of each other. Petitioner was on probation at the time he committed the robberies. We conclude that the postconviction court properly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.

Affirmed.