**Lee Andrew FORD, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–580.**

Supreme Court of Minnesota.

Sept. 24, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Lee Andrew Ford, age 24, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1978 petitioner pleaded guilty to two counts of criminal sexual conduct in the third degree and one count of criminal sexual conduct in the first degree. These charges were based on three separate acts of misconduct involving different victims occurring on different dates. On January 22, 1979, petitioner was sentenced to concurrent prison terms of 10 years and 20 years and a consecutive term of 10 years. Petitioner's sentences are due to expire in August 1985, February 1992, and May 1998. Petitioner's target release date is July 1983.

Petitioner seeks resentencing to a term of 78 months in prison. However, it appears that the trial court would have been justified in imposing a term of 91 months in prison without departing from the Guidelines.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." In this case petitioner has a record as a violent offender, committing three very serious offenses within a period of about 2 weeks. The district court also referred to unfavorable psychological and psychiatric evaluations in petitioner's file. Petitioner had the burden of overcoming these factors and establishing that his early release from sentences would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet that burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.