**Ronald RHINEHART, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–764.**

Supreme Court of Minnesota.

· Sept. 24, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Ronald Rhinehart, age 26, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner seeks resentencing in connection with a 1976 conviction in Ramsey County of aggravated robbery, for which he received a prison term of 3 to 10 years. This is a severity level VII offense. It appears that if the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score would have been five. The presumptive sentence for aggravated robbery by a person with this criminal history score is 81 months in prison.

Petitioner's expected release date for the Ramsey County sentence is May of 1986. The effect of resentencing to the presumptive term would be to hasten the date of discharge from sentence.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Aggravated robbery is a violent offense, and this was not petitioner's first aggravated robbery conviction. Subsequent to this conviction, petitioner was convicted in 1977 of attempted escape and in 1981, while on parole, of theft over $2,500. Thus, petitioner also has a serious record of recidivism. Petitioner had the burden of overcoming these factors and establishing that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet that burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.