Justin CLIPPER, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–566.

Supreme Court of Minnesota.

Oct. 22, 1982.

———

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., Thomas A. Weist, Rick Osborne and Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

**32**

AMDAHL, Chief Justice.

This is an appeal by Justin Clipper, age 20, from an order of the Hennepin County District Court denying his petition for post-conviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

At 1 a. m. on March 30, 1979, petitioner and two others robbed a 63-year-old man in downtown Minneapolis. In addition to taking the man's money and his watch, petitioner placed a knife against the man's throat at one point and, in cutting off the man's watch, inflicted a minor knife wound on the man's wrist. In *In re Clipper*, 293 N.W.2d 43 (Minn.1980), we affirmed an order referring petitioner for prosecution as an adult, holding that the district court did not err in determining that petitioner was dangerous and not suitable for treatment in the juvenile court system. Subsequently petitioner pleaded guilty to a charge of aggravated robbery and was sentenced to a limited prison term of 10 years.

Petitioner was paroled to a halfway house in May of this year. Petitioner's sentence is due to expire in November of 1986.

Aggravated robbery is a severity level VII offense. Petitioner's criminal history score at the time of the offense would have been zero if the Sentencing Guidelines had been in effect. The presumptive sentence for aggravated robbery by a person with this criminal history score is 24 months in prison. If petitioner were resentenced to the presumptive sentence, he would be entitled to immediate discharge from sentence.

Petitioner is serving a sentence for a violent offense and has a long history of recidivism as a juvenile offender. He had the burden of overcoming these negative factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to

meet this burden, and we agree. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.