**Richard Victor BOYD, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–367.

Supreme Court of Minnesota.

Nov. 12, 1982.

———

Chestnut & Brooks and James H. Ranum, Minneapolis, for petitioner, appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., Thomas A. Weist, Rick Osborne, William Neiman, Asst. County Attys., Beverly J. Wolfe, Law Clerk, Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Richard Victor Boyd, age 53, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines. We affirm.

This appeal concerns petitioner's February 1980 conviction of possession of a schedule II controlled substance with intent to sell, an offense for which petitioner received a 15-year prison term. Petitioner's sentence will expire in January of 1990.

The offense is a severity level VI offense. If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing apparently would have been zero, notwithstanding his extensive criminal history. This is because a period of 10 years had elapsed since the date of discharge from or expiration of the sentence for the last prior felony. The presumptive sentence for a severity level VI offense when committed by a person with a criminal history score of zero is 21 months stayed. If petitioner were resentenced to the presumptive sentence, he would be entitled to immediate discharge from sentence.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." As we indicated, petitioner has a very serious record of recidivism, with felony convictions in 1945, 1946, 1949, 1950, 1957, and 1959. The offense in question is also a very serious offense. Petitioner had the burden of overcoming these negative factors and proving that his early release from sentence would

not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.