**Hugh Bion MORSE, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–383.

Supreme Court of Minnesota.

Nov. 12, 1982.

Rehearing Denied Dec. 29, 1982.

Douglas & March and Bruce C. Douglas, Edina, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Hugh Bion Morse, age 52, from an order of the Ramsey County District Court dismissing in part and denying in part his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner was convicted in 1961 of second-degree murder and first-degree burglary, Minn.Stat. §§ 619.08 and 621.07 (1961). Those charges were based upon petitioner's breaking into a house and killing the female occupant during course of a sexual assault upon her. For these offenses petitioner received consecutive life terms.

In 1979 petitioner pleaded guilty to first-degree murder in connection with two murders which he committed in Washington State in 1959 and 1960. The State of Washington placed petitioner on probation for life in connection with those convictions.

The postconviction court dismissed that part of the petition seeking resentencing in connection with the 1961 conviction of second-degree murder. That offense

translates into first-degree murder under the present criminal code. The postconviction court reasoned that since first-degree murder is excluded from the Sentencing Guidelines by law and continues to carry a mandatory life sentence, no significant change in the substantive or procedural law has occurred which would entitle petitioner to postconviction relief from the life sentence imposed in 1961 for the murder. We agree.

 The postconviction court refused to resentence petitioner in connection with the 1961 burglary conviction because it was unable to conclude that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. Given petitioner's record as a violent offender, the district court clearly was justified in refusing to resentence petitioner in connection with that offense. *State v. Champion,* 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.