Tony JACKSON, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–883.

Supreme Court of Minnesota.

Nov. 12, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Tony Joe Jackson, age 20, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On February 27, 1980, before the Sentencing Guidelines became effective, petitioner brutally stabbed a grocery store clerk 47 times, causing the clerk's death. Petitioner, who was 17 years old at the time, was certified to stand trial as an adult, an order which we affirmed in *In re Welfare of Jackson,* 300 N.W.2d 179 (Minn.1981). Subsequently, petitioner was indicted for first-degree murder, but was permitted to plead guilty to second-degree murder. The trial court sentenced petitioner to the statutory maximum, 40 years in prison. Petitioner's sentence will expire in March of 2007. His current release date is February of 1996.

Second-degree murder is a severity level X offense. If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been zero. The presumptive sentence for second-degree murder by a person with that criminal history score is 116 months in prison.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1981), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner had the burden of overcoming that factor and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet that burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.