**William THOMASON, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–778.**

Supreme Court of Minnesota.

Jan. 14, 1983.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan Mitchell, County Atty., Duluth, Bruce Anderson, County Atty., Two Harbors, for respondent.

AMDAHL, Chief Justice.

This is an appeal by William Thomason, age 47, from an order of the St. Louis County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner was convicted in 1977 of criminal sexual conduct in the second degree and criminal sexual conduct in the fourth degree for sexual misconduct involving one victim and of incest for sexual misconduct involving another victim. The trial court sentenced petitioner consecutively to 15 years for the criminal sexual conduct in the second degree and 10 years for the incest. Petitioner's target release date is November 13, 1983, and his sentence expiration dates are December 22, 1987, and October 31, 1993.

Criminal sexual conduct in the second degree is a severity level VII offense. If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been two (one custody status point and one felony point). The presumptive sentence for a severity level VII offense by a person with a criminal history score of two is 41 (38–44) months in prison. If petitioner were resentenced to a 41-month Guidelines term he would be entitled to immediate discharge from sentence. If petitioner were resentenced consecutively to a single Guidelines term of 65 months in prison, which petitioner seeks in the alternative, petitioner would be entitled to immediate supervised release from prison.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is serving consecutive sentences for two very serious offenses and he also has a record of recidivism. He had the burden of overcoming these negative factors and proving that his early release from the sentences would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.