Thomas STANDSLAST, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–412.

Supreme Court of Minnesota.

Jan. 14, 1983.

C. Paul Jones, Public Defender, and Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Michael T. Milligan, County Atty., Walker, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Thomas Standslast, age 36, from an order of the Cass County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner was convicted in 1971 of murder in the second degree and was sentenced to a maximum prison term of 40 years. He has been released on parole a number of times but on each occasion parole was revoked. Petitioner's sentence will expire in March of 1999.

Murder in the second degree is a severity level X offense. If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been one. The presumptive sentence for a severity level X offense by a person with a criminal history score of one is 140 (133–147) months in prison. If petitioner were resentenced to the presumptive sentence he would be entitled to immediate release from prison.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a violent offender with a record of recidivism who also has failed on parole a number of times. Petitioner had the burden of overcoming the negative factors and proving that his early release from sentence would not endanger the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.