**William GROSS, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–1020.**

Supreme Court of Minnesota.

Jan. 28, 1983.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and William Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by William E. Gross, age 41, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

Petitioner was convicted in 1971 of two counts of kidnapping, Minn.Stat. § 609.25, subds. 1(2, 3) and 2(1) (1967). The two counts involved different victims. The trial court sentenced petitioner to two concurrent 20-year indeterminate prison terms. Petitioner's target release date and sentence expiration date for the two sentences are the same, March 21, 1985.

If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been four. The kidnapping offenses are severity level VI offenses. The presumptive sentence for a severity level VI offense by a person with a criminal history score of four is 44 (42–46) months in prison. Consecutive sentencing would have been permissible pursuant to Minnesota Sentencing Guidelines and Commentary, II.F.2. (1982). The total maximum sentence permitted without departing would have been 67 months (46 + 21) pursuant to the method specified in Minnesota Sentencing Guidelines and Commentary, II.F. (1982). If petitioner were resentenced to two times the maximum presumptive sentence or 134 months, he would be entitled to immediate release from prison.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner's sentences are for very serious crimes against the person. Petitioner also has a record of recidivism. Petitioner had the burden of overcoming these and other negative factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.