**Edward OWENS, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C9–82–1264.

Supreme Court of Minnesota.

April 8, 1983.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Vernon E. Bergstrom, Chief, Appellate Div., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Edward Owens, age 28, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

Petitioner was convicted in 1978 of burglary and criminal sexual conduct in the first degree and was sentenced to two consecutive 20-year prison terms. His sentence expiration date is February of 2005. His current expected release date is December of 1983.

If the Sentencing Guidelines had been in effect at the time of the commission of the offenses, petitioner's criminal history score at the time of sentencing would have been zero. Criminal sexual conduct in the first

degree is a severity level VIII offense and the burglary offense is a severity level VII offense. The presumptive sentence for the sex offense would have been 43 months in prison and the presumptive sentence for the burglary would have been 24 months. Although Minn.Stat. § 609.035 (1982) would not bar consecutive sentencing, the norm under the Guidelines in this type of case would be concurrent sentencing. *See* Minnesota Sentencing Guidelines and Commentary, II.F. (1982). It is highly probable that the trial court would have been justified in departing from the presumptive sentence in this case.

If petitioner were resentenced to the presumptive sentence, he would be entitled to immediate release from sentence.

At the resentencing hearing petitioner called a number of witnesses who testified to his fine progress in a transactional analysis treatment program in prison. These witnesses testified that defendant could either be released from prison outright or sent to Freedom House for a year. The state called witnesses who testified that petitioner is still potentially dangerous and that he needs to be sent to a residential treatment program such as Alpha House, which specializes in the treatment of sex offenders, for a minimum of 18 months and possibly longer.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is serving consecutive 20-year prison sentences for very serious criminal misconduct. He also has a prior record of sexual misconduct of an assaultive nature. Petitioner had the burden of overcoming the negative factors in proving that his early release from the sentences would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet that burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.

KELLEY, J., took no part in the consideration or decision of this case.