**Robert L. FULTON, Petitioner,**
**Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C1–82–1338.**

Supreme Court of Minnesota.

April 22, 1983.

C. Paul Jones, Public Defender, and Brian J. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Robert L. Fulton, age 43, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

In 1958 petitioner was convicted of the offense of rape and was sentenced to a term of 7 to 30 years in prison. He was released on parole in September of 1962 and, in October of 1962, he committed the offense of carnal knowledge. He was convicted of that offense in 1963 and sentenced

to a consecutive prison term of 14 to 35 years. Petitioner was paroled in 1971. In 1973 he was arrested in Superior, Wisconsin, and charged with another sex offense. After pleading guilty to sexual perversion, he was placed in a state hospital. Since his release from that hospital in 1977, petitioner has been incarcerated in Minnesota. The 1963 sentence, which is the subject of this proceeding, is scheduled to expire in 2003. That is also petitioner's current expected release date.

If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time he was sentenced would have been three. The offense in question is a severity level VIII offense. The presumptive sentence for that offense by a person with a criminal history score of three is 76 (71–81) months in prison. If petitioner were resentenced to the presumptive sentence or even double the presumptive sentence, he would be entitled to immediate discharge from sentence.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner's sentence is for a very serious crime against the person. Petitioner also has a record of recidivism. Petitioner had the burden of overcoming these negative factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.