**STATE of Minnesota, Respondent,**

v.

**William BYNDUM, Appellant.**

No. C8–82–1112.

Supreme Court of Minnesota.

April 22, 1983.

---

1. *See Richardson v. State,* 327 N.W.2d 79 (Minn.1982).

2. *See Fisher v. State,* 327 N.W.2d 30 (Minn. 1982).

C. Paul Jones, Public Defender, and Brian L. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Rick Osborne, Michael Richardson and Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by William H. Byndum, age 42, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

Petitioner was charged in 1977 with five counts of aggravated forgery over $2,500, based on his cashing falsely endorsed checks, involving over $49,500, at a Minne-apolis bank. Petitioner pleaded guilty to the counts in exchange for an agreement that he be sentenced to a single maximum indeterminate 10-year prison term, with the term to run concurrently with petitioner's consecutive federal sentences of 2 years and 10 years for failure to appear and interstate transportation of a stolen credit card.

Petitioner was paroled from a federal prison in Colorado in December of 1981 and was returned to Minnesota to begin serving the remainder of his Minnesota term in March of 1982. His Minnesota sentences are scheduled to expire in January of 1984. His current expected release date is May 18, 1983. It appears that petitioner will remain under supervision by federal authorities until December of 1988.

If the Sentencing Guidelines had been in effect at the time of the offenses in Minnesota, petitioner's criminal history score at the time of sentencing would have been nine (one custody status point and eight felony points). Aggravated forgery over $2,500 is a severity level III offense. The presumptive sentence for that offense by a person with a criminal history score of six or more is 32 (30–34) months in prison. Petitioner's attorney conceded at the postconviction hearing that if the Guidelines had been in effect, the sentencing court would have been justified in concluding that aggravating circumstances were present. See Minnesota Sentencing Guidelines and Commentary, II.D.2.b.(4) (1982). That being so, the sentencing court would have been justified in doubling the maximum presumptive sentence duration from 34 to 68 months.

Minn.Stat. § 590.01, subd. 3 (1982) provides:

A person who has been convicted and sentenced for a crime committed before May 1, 1980 may institute a proceeding applying for relief under this chapter upon the ground that a significant change in substantive or procedural law has occurred which, in the interest of justice, should be applied retrospectively, including re-sentencing under subsequently enacted law.

No petition seeking re-sentencing shall be granted unless the court makes specific findings of fact that release of the petitioner prior to the time he or she would be released under the sentence currently being served does not present a danger to the public and is not incompatible with the welfare of society.

In this case the court did not find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The court also explicitly stated that he did not believe that resentencing was warranted at the present time. However, the court invited petitioner to reapply for resentencing in February of 1984, under the circumstances then existing, if petitioner in fact is required to serve until then.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner has a very serious record of recidivism. He had the burden of overcoming that and any other negative factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. Under the circumstances, we believe that the district court's refusal to resentence petitioner was justified.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.