**David Kevin LaQUIER, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C8–82–1594.**

Supreme Court of Minnesota.

May 13, 1983.

C. Paul Jones, Public Defender, and Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by David Kevin LaQuier, age 27, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

In 1975 petitioner was convicted of sodomy with a child and was sentenced to 20 years in prison. In 1980, while on parole, he was charged with four counts of kidnapping, one count of criminal sexual conduct in the first degree, and two counts of criminal sexual conduct in the second degree. Those charges resulted from petitioner's role in the kidnapping of two women, who were taken to a field and subjected to sexual indignities. Petitioner pleaded guilty to one count of kidnapping and the other charges were dismissed. Petitioner was sentenced to a term of 1 year and 1 day to 10 years in prison. Parole was also revoked with respect to his 1975 conviction.

Petitioner's sentence for the kidnapping is scheduled to expire on November 28, 1986. That apparently is also petitioner's current expected release date.

If the Sentencing Guidelines had been in effect at the time the offense was committed in January of 1980, petitioner's criminal history score at the time of sentencing would have been two. The kidnapping offense in question is a severity level VI offense. The presumptive sentence for such an offense by a person with a criminal history score of two is 30 months stayed. Petitioner seeks resentencing to a determinate term that would hasten his eligibility for participation in the transitional sexual offender program at Lino Lakes.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a violent offender with a record of recidivism. Petitioner had the burden of overcoming these negative factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.