Richard Dale SHERER, Petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. C3–82–1339.

Supreme Court of Minnesota.

July 1, 1983.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Richard Dale Sherer, age 53, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

In 1975 petitioner pleaded guilty to one count of sodomy with a child, and four other counts involving different victims were dismissed. The trial court stayed imposition of sentence so that petitioner could participate in a treatment program. The trial court revoked the stay of imposition in January of 1976 after petitioner left the program without permission, and the court sentenced petitioner to a maximum indeterminate prison term of 20 years.

Petitioner was paroled in April of 1980 to Alpha House treatment program but he was returned to prison in May of 1980 after he left the program without authorization. Petitioner's sentence expiration date and current target release date are the same, both in 1989.

If the Sentencing Guidelines had been in effect at the time the offense was committed, petitioner's criminal history score at the time of sentencing apparently would have been two. The offense in question translates into a severity level VIII offense. The presumptive sentence for a severity level VIII offense by a person with a criminal history score of two is an executed prison term of 65 months.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner has a long history of sexual offenses involving children going back to 1950 when he was convicted in California of commit-

ting an indecent sex act with a boy. Petitioner had the burden of proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.