**John Edward STUSEK, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–411.

Supreme Court of Minnesota.

Sept. 24, 1982.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and William Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by John Edward Stusek, age 41, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1978 petitioner followed a woman from a tavern to the parking lot of her apartment, where he forcibly raped her. Petitioner was caught in the act and arrested by a policeman. Subsequently he pleaded guilty to a charge of criminal sexual conduct in the first degree and was sentenced to a term of 20 years in prison, with execution stayed on condition that he complete the Alpha House treatment program and serve 1 year in the workhouse. Sentence was executed after petitioner failed to complete the treatment program. Petitioner's current target release date is November of 1983 and his current sentence expiration date is August of 1993.

If the Sentencing Guidelines had been in effect at the time petitioner committed the offense, petitioner's criminal history score at the time of sentencing would have been zero. Criminal sexual conduct in the first degree is a severity level VIII offense. The presumptive sentence for this offense by a person with a criminal history score of zero is 43 months in prison. If petitioner were resentenced to the presumptive sentence, he would be entitled to immediate release from prison and would remain under supervision only until October of 1982.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner, who has a college degree, apparently has received a number of offers of employment upon his release from prison. He also

has behaved well in prison and claims to have experienced a religious conversion which will make the repetition of criminal conduct unlikely. However, the district court, in an excellent memorandum, relied upon a number of factors in denying the petition for resentencing, specifically (a) the brutal nature of petitioner's crime; (b) petitioner's failure to complete the Alpha House treatment program and his failure to participate in formal prison treatment programs for sexual offenders and chemically dependent prisoners; and (c) petitioner's need for a substantial period of supervised release. Petitioner had the burden of proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court properly concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.