Greg RUE, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–699.

Supreme Court of Minnesota.

Sept. 24, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Greg Rue, age 30, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp. 1981). We affirm.

In 1975 petitioner pleaded guilty to a charge of aggravated rape and was sentenced to a prison term of 15 years. The trial court initially stayed execution of sentence and placed petitioner in a treatment program at the Security Hospital at St. Peter. Subsequently the trial court revoked the stay of execution after petitioner failed to complete that program. In 1979 petitioner was paroled from prison but 6 months later was arrested and convicted of indecent liberties. Parole was revoked because of that conviction and because of petitioner's failure to complete alcohol and chemical dependency treatment program.

Petitioner's sentence will expire on January 28, 1986. Petitioner apparently has been removed from the matrix and does not have a current target release date.

If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score would have been one. Aggravated rape translates into criminal sexual conduct in the first degree, which is a severity level VIII offense. The presumptive sentence for this offense by a person with petitioner's criminal history score of one is 54 months in prison. The effect of resentencing petitioner to the presumptive sentence would be that petitioner would be entitled to immediate discharge from sentence.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." In this case petitioner has a record as a violent offender and he also has a record of recidivism. Further, petitioner has failed at treatment. Petitioner had the burden of overcoming these factors and establishing that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet that burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.