**Larry A. MEYER, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–447.**

Supreme Court of Minnesota.

Sept. 28, 1982.

C. Paul Jones, Public Defender, Elizabeth B. Davies, Asst. Public Defender, The New Law School, Univ. of Minnesota, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., William Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Larry A. Meyer, age 30, from an order of the Hennepin County District Court denying his petition for post-conviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On April 24, 1980, just a few days before the Sentencing Guidelines became effective, petitioner and an accomplice, who was armed with a gun, robbed a convenience grocery store in Richfield. During the robbery the accomplice struck a person in the head with the gun and during flight from the robbery shot and wounded a police officer. Petitioner was subsequently convicted of aggravated robbery and sentenced to a limited maximum prison term of 10 years in prison. Petitioner's target release date is March of 1984 and his current sentence expiration date is February of 1987.

If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been two. Aggravated robbery is a severity level VII offense. The presumptive sentence for this offense by a person with petitioner's criminal history score is 41 (38–44) months in prison.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a chemically dependent violent offender with a record of recidivism. He had the burden of overcoming the negative factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court properly concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.