Leon Roland PITSCHNEIDER,
Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–341.

Supreme Court of Minnesota.

Oct. 6, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Kathleen Morris, County Atty., and Patricia M. Buss, Asst. County Atty., Shakopee, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Leon Roland Pitschneider, age 46, from an order of the Scott County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On March 15, 1980, over a period of hours, petitioner beat his wife of approximately 17 years with his fists, with a chair, and then with a leg from the chair. This was only the last in a long series of assaults on his wife. Charged with second-degree assault, petitioner was permitted to plead guilty to assault in the third degree. The trial court sentenced petitioner to 3 years in prison, the maximum permitted by law. Petitioner's current target release date is December 1, 1982, and his sentence will expire on March 24, 1983.

If the Sentencing Guidelines had been in effect at the time the offense was committed, petitioner's criminal history score at the time of sentencing would have been zero. Assault in the third degree is a severity level IV offense. The presumptive sentence for this offense by one with a criminal history score of zero is 1 year and 1 day stayed. If petitioner were resentenced to the presumptive term, he would be entitled to immediate release from prison and from sentence.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a rec-

ord suggesting that he is likely to engage in criminal conduct after his release." In this case petitioner is serving a sentence for a violent offense. Petitioner also has a long history of spousal abuse. Further, while awaiting sentencing, petitioner violated the terms of bail by harassing his wife, who was in the process of divorcing him. Petitioner had the burden of proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court properly concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.