Terrance W. BUCKANAGA, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–446.

Supreme Court of Minnesota.

Oct. 6, 1982.

C. Paul Jones, Public Defender, and Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, Thomas A. Weist, Rick Osborne, Beverly J. Wolfe, and William Neiman, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Terrance W. Buckanaga, age 31, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On March 3, 1980, before the Sentencing Guidelines became effective, petitioner and three accomplices, one of whom was armed with a knife, robbed a man in his sixties. Petitioner subsequently pleaded guilty to aggravated robbery and was sentenced to a maximum prison term of 10 years. Aggravated robbery is a severity level VII offense. If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been four. The presumptive sentence for aggravated robbery by a person with that criminal history score is 65 (60–70) months in prison. The effect of resentencing petitioner to the presumptive term of 65 months would be to hasten petitioner's release from prison by more than 4 months and shorten the amount of supervised release time.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a chemically dependent violent offender with a record of recidivism. He had the burden of overcoming these negative factors and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court properly concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.