**Michael A. JOHNSON, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. 82–669.**

Supreme Court of Minnesota.

Oct. 6, 1982.

C. Paul Jones, Public Defender and Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Paul Morreim, County Atty., Albert Lea, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Michael A. Johnson, age 28, from an order of the Freeborn County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On December 27, 1975, petitioner and an accomplice escaped from the Waseca County jail, stole a police car and drove to Freeborn County, where they entered a home at 4 a. m., robbed the occupants at gunpoint, and stole some property. Petitioner was subsequently convicted in Waseca County of escape and sentenced to 5 years in prison. That prison term has expired. Petitioner was also convicted in Freeborn County of aggravated robbery and theft of over $2,500 and was sentenced to concurrent 3–10 year prison terms. Petitioner was released from prison in Minnesota in 1981 and turned over to South Dakota authorities to begin serving a prison term there for first-degree robbery. He was released from prison by South Dakota authorities in April of this year. Petitioner's Freeborn County sentences are due to expire in September of 1983. His South Dakota sentence is due to expire in April of 1985.

If the Sentencing Guidelines had been in effect at the time the offenses were committed, petitioner's criminal history score at the time of sentencing would have been four. The more serious of the two offenses, aggravated robbery, is a severity level VII offense. The presumptive sentence for this offense by a person with a criminal history score of four is 65 (60–70) months in prison. If petitioner were resentenced to the presumptive term of 65 months, he would be entitled to immediate release from his Freeborn County sentences.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a violent offender with a record of recidivism. Petitioner had the burden of overcoming these and other negative fac-

tors and proving that his early release from the sentences would not present a danger to the public and would not be incompatible with the welfare of society. The district court properly concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.