**John G. TROYER, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–501.**

Supreme Court of Minnesota.

Oct. 11, 1982.

C. Paul Jones, Public Defender, and Brian Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, Thomas A. Weist, Rick Osborne, Beverly J. Wolfe, and William Neiman, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by John Glen Troyer, age 27, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

This proceeding concerns petitioner's 10-year prison sentence imposed in Hennepin County in 1977 for the offense of aggravated forgery. Although petitioner has been released from prison, his sentence will not expire until July of 1984. Petitioner is also subject to three other sentences for other offenses, and those sentences, which are not affected by this proceeding, will not expire until April of 1987.

If the Sentencing Guidelines had been in effect at the time of the offense in 1977,

petitioner's criminal history score would have been three. Aggravated forgery is a severity level III offense. The presumptive sentence for that offense by a person with petitioner's criminal history score is a stayed 19-month sentence. If petitioner were resentenced to the presumptive sentence, he would be entitled to immediate discharge from the 1977 Hennepin County sentence.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we made it clear that a petitioner's record as a violent offender and his record of recidivism are relevant factors to be considered in determining whether or not to resentence a petitioner according to the Sentencing Guidelines. In this case petitioner has a record as a violent offender (in 1973 he was convicted of aggravated robbery) and has a serious record of recidivism. Petitioner had the burden of overcoming these negative factors and establishing that his early release from the 1977 Hennepin County sentence would not present a danger to the public and would not be incompatible with the welfare of society. It appears that a different district court judge resentenced petitioner to the presumptive Sentencing Guidelines sentence in connection with a different offense. However, the district court in this case was not bound by that judge's determination that petitioner's early release would not present a danger to the public and would not be incompatible with the welfare of society. The district court in this case concluded that petitioner failed to meet his burden of proof, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.