**John Glen TROYER, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–1047.**

Supreme Court of Minnesota.

Dec. 17, 1982.

C. Paul Jones, Public Defender, Brian I. Rademacher and Susan K. Maki, Asst. Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Roger Van Heel, County Atty., and Patrick T. Strom, Asst. County Atty., St. Cloud, for respondent.

AMDAHL, Chief Justice.

This is an appeal by John Glen Troyer, age 27, from an order of the Stearns County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

This proceeding concerns petitioner's 10-year prison sentence imposed in Stearns County for the 1979 offense of theft of over $2,500. Although petitioner has been released from prison, his sentence will not expire until April of 1986. Petitioner is also subject to other sentences for other offenses. *See Troyer v. State,* 324 N.W.2d 924 (Minn.1982).

If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been five. The offense in question is a severity level IV offense. The presumptive sentence for that offense by a person with a criminal history score of five is 32 months in prison. If petitioner were resentenced to the presumptive sentence he would be entitled to immediate discharge from the sentence in question.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we indicated that a petitioner's record as a violent offender and his record

of recidivism are relevant factors to be considered in determining whether or not to resentence him according to the Sentencing Guidelines. Petitioner has a record as a violent offender and also has a serious record of recidivism. Petitioner had the burden of overcoming these negative factors and proving that his early release from the sentence in question would not present a danger to the public and would not be incompatible with the welfare of society. It appears that a different district court judge resentenced petitioner to the presumptive Sentencing Guideline sentence in connection with a different offense. However, as we stated in *Troyer v. State,* 324 N.W.2d 924, 925 (Minn.1982), "the district court in this case was not bound by that judge's determination that petitioner's early release would not present a danger to the public and would not be incompatible with the welfare of society." The district court in this case concluded that petitioner failed to meet his burden of proof, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.