**Larry Raymond OSBORN, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–588.

Supreme Court of Minnesota.

Oct. 22, 1982.

C. Paul Jones, Public Defender, and Mary Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Norman B. Coleman and Marvin J. Green, Sp. Asst. Atty. Gen., St. Paul, Arvid Wendland, County Atty., Blue Earth, for respondent.

STATE of Minnesota, Respondent,

v.

Harold HOLMES, Appellant.

No. 81–1270.

Supreme Court of Minnesota.

Oct. 22, 1982.

AMDAHL, Chief Justice.

This is an appeal by Larry Raymond Osborn, age 23, from an order of the Faribault County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner is serving a 10-year prison term for his 1979 convictions of aggravated assault and kidnapping. Petitioner is scheduled to be released from prison as early as March of 1983 and his sentence is scheduled to expire in January of 1986.

If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been two. The kind of kidnapping offense of which petitioner was convicted is a severity level III offense. The presumptive sentence for that offense by a person with a criminal history score of two is a stayed 30-month term. If petitioner were resentenced to the presumptive term, he would be entitled to immediate discharge from sentence.

Petitioner is serving a sentence for a violent offense and he has a record of recidivism. He also has a history of chemical dependency. Petitioner had the burden of overcoming these factors and proving that his early release from his sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree. *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.