David John ZICH, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–542.

Supreme Court of Minnesota.

Nov. 12, 1982.

**6**

Chestnut & Brooks and Kevin S. Burke, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Norman B. Coleman, Jr. and Jane Newberg Anderson, Sp. Asst. Attys. Gen., St. Paul, Bruce Gross, County Atty., Windom, for respondent.

AMDAHL, Chief Justice.

This is an appeal by David John Zich from an order of the Cottonwood County District Court denying his petition for post-conviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner was convicted in 1979 of criminal sexual conduct in the second degree for having had sexual contacts with an 11-year-old girl over a long period of time. The trial court sentenced petitioner to 10 years in prison but stayed execution of sentence and placed petitioner on probation subject to certain conditions. One of those conditions was that petitioner receive treatment for his alcohol and sexual problems. Petitioner failed to comply with the conditions of probation and sentence was executed in January of 1980. According to the prison matrix, petitioner will have to serve approximately 44 months in prison before being released.

Criminal sexual conduct in the second degree is a severity level VI offense. If the Sentencing Guidelines had been in effect at the time of the offense, petitioner's criminal history score at the time of sentencing would have been zero. The presumptive sentence for a severity level VI offense by a person with a criminal history score of zero is 21 months stayed. If petitioner were resentenced to the presumptive sentence, he would be entitled to immediate discharge from sentence.

Petitioner had the burden of proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree. *State v. Champion*, 319 N.W.2d 21 (Minn.1982); *Schnoor v. State*, 317 N.W.2d 704 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.