Thomas E. SABO, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–891.

Supreme Court of Minnesota.

Dec. 17, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and William Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Thomas E. Sabo, age 29, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner was convicted in 1977 of criminal sexual conduct in the first degree and was sentenced to a prison term of 20 years, with the term running concurrently with a 10-year sentence for an unrelated aggravated forgery conviction. Petitioner's expected release date is November of 1983 and his sentence expiration date is June of 1991.

Criminal sexual conduct in the first degree is a severity level VIII offense. If the Sentencing Guidelines had been in effect at the time that petitioner committed the offense, his criminal history score at the time of sentencing would have been three. The presumptive term for a severity level VIII offense by a person with a criminal history score of three is 76 (71–81) months in prison. If petitioner were resentenced to the presumptive term he would be entitled to immediate release from prison and his sentence would expire in December of 1983.

In State v. Champion, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a violent offender with a serious record of recidivism. He had the burden of

overcoming these negative factors and proving that his early release from sentence would not endanger the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.