Paul BONIN, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–1291.

Supreme Court of Minnesota.

Dec. 17, 1982.

C. Paul Jones, Public Defender, and Mary C.L. Cade, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Kelly, County Atty., and M. Jo Madigan, Asst. County Atty., Stillwater, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Paul Bonin, age 42, from an order of the Washington County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner was charged in 1979 with two counts of false imprisonment and two counts of aggravated assault as a result of an incident in which, while armed with a high-powered rifle, petitioner threatened to kill his ex-wife and her son and then kill himself. Pursuant to a plea agreement, petitioner was permitted to plead guilty to one count of false imprisonment. The trial court sentenced petitioner to 3 years in prison but stayed execution of sentence and placed petitioner on probation. Subsequently, in 1981, petitioner's probation was revoked after he was convicted by a jury of the misdemeanor offense of attempted coercion.

False imprisonment is a severity level III offense. If the Sentencing Guidelines had been in effect at the time the offense was committed, petitioner's criminal history score at the time of sentencing would have been zero. Normally, the presumptive term for a severity level III offense by a person with a criminal history score of zero is 1 year and 1 day stayed. However, apparently because petitioner used a firearm in committing the offense, petitioner agrees that he would have been required to serve at least 1 year and 1 day in prison, which translates into a Guidelines sentence of 18 months under Minnesota Sentencing Guidelines and Commentary, II.E. (1982). Peti-

tioner's current target release date is December 1, 1982, and his current sentence expiration date is June 1, 1983. If petitioner were resentenced to an 18-month Guidelines term he would be entitled to immediate release from prison and from sentence.

In *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner's false imprisonment conviction was based on an act of violence toward his ex-wife and her son. Petitioner also failed on parole. Finally, there was evidence at the postconviction hearing that while he was on probation petitioner had harassed his wife and expert opinion testimony to the effect that petitioner constituted a danger to his ex-wife and her children. Petitioner had the burden of proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden of proof.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.