**David Dean MOGREN, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 82–189.

Supreme Court of Minnesota.

Jan. 14, 1983.

Chestnut & Brooks and Kevin S. Burke, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John F. Corbey, County Atty., Mankato, for respondent.

AMDAHL, Chief Justice.

This is an appeal by David Dean Mogren, age 32, from an order of the Blue Earth County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On October 9, 1979, petitioner forced a woman into his van, took her to a different location, forced her to submit to fellatio and sexual intercourse, then released her. A little over a month later he forced another woman into his van but she escaped. Petitioner was subsequently charged with assault in the second degree, kidnapping, and two counts of criminal sexual conduct in the first degree with respect to the first incident and attempted kidnapping and attempted aggravated assault with respect to the second incident. Pursuant to a plea agreement, he was permitted to plead guilty to assault in the second degree and criminal sexual conduct in the first degree with respect to the first incident and assault in the fourth degree with respect to the second incident. The trial court sentenced petitioner to a limited maximum prison term of 5 years in prison. That sentence will expire in February of 1983.

The most serious of the three offenses, criminal sexual conduct in the first degree, is a severity level VIII offense. If the Sentencing Guidelines had been in effect at the time that petitioner committed the offenses, petitioner's criminal history score at the time of sentencing apparently would have been zero. The presumptive term for a severity level VIII offense by a person

with a criminal history score of zero is 43 (41–45) months in prison.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a violent offender. There was also evidence that petitioner has refused to recognize his sexual problems and to participate fully in treatment programs that would help him. Petitioner had the burden of overcoming these negative factors and proving that his early release from sentence would not endanger the public and would not be incompatible with the welfare of society. The district court concluded that petitioner failed to meet this burden, and we agree.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.