**STATE of Minnesota, Respondent,**

v.

**David Allen CLEMENS, petitioner, Appellant.**

**No. 82–126.**

Supreme Court of Minnesota.

Jan. 14, 1983.

Chestnut & Brooks and James H. Ranum, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Patrick D. Moren, County Atty., Roseau, for respondent.

AMDAHL, Chief Justice.

This is an appeal by David Allen Clemens, age 42, from an order of the Roseau County District Court denying his petition for post-conviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Pursuant to a plea agreement, petitioner pleaded guilty in May of 1979 to one count of burglary in each of three separate multi-count complaints. The trial court sentenced petitioner to three concurrent limited maximum prison terms of 10 years each. Petitioner's current release date is January 15, 1985.

The burglary offenses in question are severity level IV offenses. If the Sentencing Guidelines had been in effect at the time of the offenses, petitioner's criminal history score at the time of sentencing would have been 11. The presumptive sentence for a severity level IV offense by a person with a criminal history score of six or more is 41 (37–45) months in prison. If petitioner were resentenced to the presumptive sentence he would be entitled to immediate release from prison.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner has a very serious record of recidivism. Petitioner had the burden of overcoming that factor and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden of proof.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.