Michael Richard WILLIAMS,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C1–82–1016.

Supreme Court of Minnesota.

March 11, 1983.

C. Paul Jones, Public Defender and Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Michael Richard Williams, age 21, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (1982). We affirm.

In September of 1979 petitioner, while armed with a handgun, grabbed a young woman and dragged her onto a golf course, where he sexually assaulted her and attempted to kill her. Fortunately, the woman gained control of the gun and managed to escape.

Petitioner was subsequently charged with two counts of kidnapping, three counts of criminal sexual conduct in the first degree, and one count of attempted first-degree murder. Pursuant to a plea agreement, he was permitted to plead guilty to one count of criminal sexual conduct in the first degree, and the other charges against him were dismissed. After a presentence investigation, which revealed that petitioner had a severe alcohol and drug dependency problem and that he had homicidal tendencies, the trial court sentenced petitioner to 20 years in prison. Petitioner's current release date is February 12, 1985, and his sentence expiration date is December 22, 1992.

Criminal sexual conduct in the first degree is a severity level VIII offense. If the Sentencing Guidelines had been in effect at the time that the offense was committed, petitioner's criminal history score at the time of sentencing would have been zero. The presumptive sentence for a severity level VIII offense by a person with a criminal history score of zero is 43 months in prison. If petitioner were resentenced to the presumptive sentence, he would be entitled to immediate release from prison and his sentence expiration date would be April 7, 1983. If petitioner were resentenced to

double the presumptive sentence duration, he would be entitled to supervised release on June 22, 1984, and his sentence would expire on November 7, 1986.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner had the burden of proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden of proof.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.