**Lewis WRIGHT, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–570.**

Supreme Court of Minnesota.

July 27, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and William Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is 47 years old, is incarcerated at Stillwater in connection with four sentences arising from aggravated forgery convictions. This appeal concerns his sentence in Hennepin County in 1980 to a

---

1. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.

term of 10 years following his guilty plea to one count of aggravated forgery. The postconviction court, citing petitioner's long criminal history, refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

Petitioner's criminal history score at the time of sentencing would have been ten. Aggravated forgery is a severity level II offense. The presumptive term for this offense by one with petitioner's criminal history score is 27 months in prison. Petitioner was already released from prison once in connection with the 1980 Hennepin County conviction, but parole was revoked following his more recent conviction in Ramsey County. Petitioner expects to be released from prison on November 26, 1982, which is the supervised release date for his Ramsey County sentence of 27 months, which was imposed in September 1981. The current expiration date for petitioner's 1980 Hennepin County sentence is January 5, 1987. Resentencing petitioner to the presumptive sentence for the 1980 Hennepin County conviction would not hasten his release from prison but would mean that when he is released he would not be subject to this sentence.

■ As we stated in *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), "[W]e generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Given petitioner's long record of recidivism, we cannot conclude that the postconviction court improperly refused to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.[1]

Affirmed.

---

1. The Minnesota Corrections Board was abolished, effective June 30, 1982, by Act of June 1, 1981, ch. 360, § 4, 1981 Minn.Laws 2236, 2237.