STATE of Minnesota, Respondent,

v.

Gary Lee VADNAIS, Appellant.

No. C1–86–635.

Court of Appeals of Minnesota.

June 10, 1986.

Review Granted July 31, 1986.

---

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## MEMORANDUM OPINION

CRIPPEN, Judge.

Appellant asserts that a two month reduction of a sentencing guidelines term should be applied retroactively. In the circumstances here, the trial court refused this application. We affirm.

### I.

Appellant Gary Lee Vadnais pleaded guilty to unlawful possession of a handgun. In November 1982, the trial court sentenced him to 19 months and stayed the sentence for five years. In November 1983, the Minnesota Legislature modified the presumptive sentence for the offense Vadnais committed to 17 months. The legislative modification stated as follows:

> Any modification of the guidelines that causes a duration change shall be retroactive for all inmates serving sentences imposed pursuant to the Minnesota sentencing guidelines if the durational change reduces the appropriate term of imprisonment.

1983 Minn Laws ch. 274, § 10 (codified at Minn.Stat. § 244.09, subd. 11 (Supp.1983)). In April 1984, the legislature amended the statute to read as follows:

> Any person who is serving a sentence for which there is a modification in the numbers in the cells of the guidelines grid may institute a proceeding applying for retroactive application of the modification and the court may grant a petition for retroactivity subject to the same procedures, standards and conditions as set forth for post conviction remedies in section 590.01, subdivision 3.

1984 Minn.Laws ch. 589, § 5 (codified at Minn.Stat. § 244.09, subd. 11a (1984)).

In 1985, appellant violated a condition of his probation. He appeared for a probation revocation, and the trial court ordered him to begin serving his 19 month sentence that had earlier been stayed. Appellant argued that his sentence should be reduced by two months under the 1983 modification of the sentencing statute. The trial court denied appellant's plea, finding that the 1984 statutory modification applied to appellant and that appellant had failed to prove that a two month reduction in the sentence would not pose a danger to the public.

### II.

■ We conclude that appellant's argument is erroneous. The 1983 statute pro-

vides for retroactive application only for "inmates serving sentences." Appellant's sentence remained stayed at the time the legislature passed the law. While the 1983 amendment penalized those who were previously favored with a stayed sentence, we cannot disregard the legislated language. The trial court properly applied the 1984 amendment.

█ Under the later amendment, appellant had the burden of proving that his early release would not pose a danger to the public. *See* Minn.Stat. § 590.01, subd. 3 (1984). Section 590.01, subdivision 3 provides that when a person seeks postconviction relief based upon a change in the law, the postconviction court must make

specific findings of fact that release of the petitioner prior to the time he or she would be released under the sentence currently being served does not present a danger to the public and is not incompatible with the welfare of society.

*Id.* The postconviction court found that appellant failed to prove that his early release "does not present a danger to the public and is not incompatible with the welfare of society." We will not lightly interfere with such a finding. *See Wright v. State*, 322 N.W.2d 342, 343 (Minn.1982). Appellant has over 12 prior convictions, including four felonies, and the postconviction court could have found that such a record argues against appellant's early release. *See id.*

### DECISION

The evidence supports the trial court's findings on appellant's circumstances. A more beneficial statute does not govern his case.

Affirmed.