STATE of Minnesota, Respondent,

v.

Gary Lee VADNAIS,
Petitioner, Appellant.

No. C1–86–635.

Supreme Court of Minnesota.

Sept. 12, 1986.

C. Paul Jones, Susan K. Maki, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Thomas Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

We granted the petition of Gary Lee Vadnais for review of a decision of the Court of Appeals, 388 N.W.2d 768, affirming the post-conviction court's refusal to reduce his sentence from 19 months to 17 months. The issue is whether defendant should benefit from the 1983 legislative amendment providing that any reduction in the presumptive sentence duration is retroactive "for all inmates serving sentences" imposed pursuant to the Sentencing Guidelines. We conclude that he is entitled to the reduction from 19 months to 17 months.

Defendant pleaded guilty in 1982 to unlawful possession of a handgun and was sentenced to a presumptive Sentencing Guidelines term of 19 months in prison, with execution of prison term stayed on condition that defendant serve 5 years on probation. Effective November 1, 1983, the Sentencing Guidelines Commission amended the Guidelines Grid so that the presumptive sentence for the offense by one with defendant's criminal history score was 17 rather than 19 months. Also in 1983 the legislature provided that "Any modification of the guidelines that causes a duration change shall be retroactive for all inmates serving sentences imposed pursuant to the Minnesota Sentencing Guidelines if the durational change reduces the appropriate term of imprisonment." Act of June 6, 1983, ch. 274, § 10, 1983 Minn. Laws 1171, 1177. Then in April of 1984 the legislature dropped that language from section 244.09, subd. 11 of Minnesota Statutes and added the following as part of a new subdivision 11a:

Any person who is serving a sentence for which there is a modification in the numbers in the cells of the guidelines grid may institute a proceeding applying for retroactive application of the modification and the court may grant a petition for retroactivity subject to the same procedures, standards and conditions as set

forth for postconviction remedies in section 590.01, subdivision 3. The right to petition for relief pursuant to this subdivision does not apply to modification in the sentencing guidelines other than modifications of the numbers in the cells of the guidelines grid. The right to petition for relief pursuant to this subdivision does not apply to offenders on supervised release or to offenders who have had their supervised release revoked and who have been reimprisoned.[1] In 1985 the trial court revoked probation and ordered execution of the 19-month sentence imposed in 1982.

In district court and in the Court of Appeals, defendant argued that the 1983 modification applied to his sentence and automatically reduced the term imposed from 19 months to 17 months. Both the district court and the Court of Appeals rejected this argument, ruling that the reduction resulting from the 1983 statutory and Sentencing Guidelines amendments applied only to people who actually were in prison at the time; they concluded that defendant's only hope for a reduction was pursuant to the 1984 statutory amendment—*i.e.,* only if he could show that his early release would not present a danger to the public and would not be incompatible with the welfare of society—something he was not able to show.

The 1983 legislative amendment specified that any reduction was retroactive for "all inmates serving sentences" imposed pursuant to the Sentencing Guidelines. The Court of Appeals interpreted this as meaning that any reduction in the presumptive sentence duration for an offense applied only to those who were in prison at the time the Sentencing Guidelines Commission's reduction became effective. We think it is more likely that the legislature intended by this language to make it clear that the reduction applied not only to people who committed the offense after the

date the reduction became effective and to people sentenced after that date but *also* to people who had already been sentenced to prison terms, including those who were serving those terms. Such an interpretation makes sense in that it is difficult to understand why the legislature would want the entitlement to the retroactive reduction to turn on when a previously-sentenced defendant's probation was revoked. In any event, the defendant must be given the benefit of the doubt as to the legislature's intent.

Accordingly, defendant's sentence is reduced from 19 months to 17 months. Since defendant is already out of prison, the only effect of our decision, as far as the defendant is concerned, will be to reduce by 2 months the time that defendant must serve on supervised release. However, there may be other similarly-situated defendants who are still incarcerated and who therefore will benefit more substantially from this decision, something we cannot determine from the record on appeal.

Affirmed as modified.

---

1. Act of April 26, 1984, ch. 589, § 5, 1984 Minn. Laws 1235, 1237. The Sentencing Guidelines Commission has amended section III.F. of the Guidelines, effective August 1, 1986:

Modifications to the Minnesota Sentencing Guidelines and Commentary will be applied to offenders whose date of adjudication of guilt is on or after the specified modification effective date.