**STATE of Minnesota, Respondent,**

v.

**James T. HOGAN, Appellant.**

**No. C1–87–211.**

Court of Appeals of Minnesota.

Sept. 29, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Richard Arney, Washington Co. Atty., Stillwater, for respondent.

James T. Hogan, pro se.

Considered and decided by FOLEY, P.J., and PARKER and SEDGWICK, JJ., with oral argument waived.

**MEMORANDUM OPINION**

SEDGWICK, Judge.

James Hogan appeals from an order denying his post-conviction petition. We affirm.

**FACTS**

In March 1984, appellant pleaded guilty to two counts of intrafamilial sexual abuse in the first degree for his ongoing sexual abuse of two nieces, ages 6 and 9, in violation of Minn.Stat. § 609.3641, subd. 1(1), (2)(e) (1982), *repealed* by 1985 Minn. Laws ch. 286, § 24. In June 1984, appellant received two 43–month sentences, to be served consecutively. Under the guidelines, 43 months was the presumptive sen-

tence for the severity level 8 offense and appellant's criminal history score of 0. Consecutive sentencing was permissible because the sexual assaults were committed against two different victims. *See* Minnesota Sentencing Guidelines II.F.

Appellant's petition for post-conviction relief alleges that under *State v. Vadnais,* 393 N.W.2d 178 (Minn.1986), and the November 1, 1983, guideline amendments, he was somehow entitled to reduction in his sentence.

This is a frivolous appeal. In *Vadnais* the supreme court clarified the extent to which defendants could obtain the retroactive benefit of 1983 amendments to duration changes in presumptive sentences under the guidelines. Appellant was sentenced in June 1984 when the 1983 amendments were already in effect. *Vadnais* is not applicable to appellant's situation. Although Minn.Stat. § 609.3641 was repealed in 1985, appellant's criminal acts now fall under the offense of criminal sexual conduct in the first degree pursuant to Minn. Stat. § 609.342 (1986). The presumptive 43–month sentence for appellant's offense has not changed since he was sentenced.

### DECISION

Appellant is not entitled to a reduction of his sentence.

Affirmed.